**Walter I. BECHTEL, Appellant,**

v.

**PENSION BENEFIT GUARANTY CORPORATION.**

**No. 84–5640.**

United States Court of Appeals, District of Columbia Circuit.

Argued Oct. 31, 1985.

Decided Dec. 6, 1985.

Opinion Jan. 21, 1986.

Bernard P. Klein, with whom Edward R. Mackiewicz and James N. Dulcan were on brief for appellee.

Barbara Bergman, with whom Elliot Bredhoff and Julia Penny Clark were on brief for appellant. Mady Gilson also entered an appearance for appellant.

Before BORK and STARR, Circuit Judges, and McGOWAN, Senior Circuit Judge.

PER CURIAM:

This case presents the question of whether the Pension Benefit Guaranty Corporation (PBGC), acting as trustee of a terminating employees' pension plan under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1301 *et seq.* (1982), may recoup payments made to plan participants in excess of statutorily guaranteed benefit levels. The appellants were employed by the Alan Wood Steel Company and participated in its pension plan. After Alan Wood had filed for bankruptcy and ceased business operations, it sought to terminate the pension plan because of inadequate funding. Accordingly, in May 1978, Alan Wood notified the PBGC, the statutory guarantor of such plans, of its intent to terminate. The PBGC then authorized the Alan Wood plan trustee to continue paying benefits at preexisting levels pending a calculation of the level of statutorily guaranteed benefits; however, it explicitly noted the possibility of recapture if present payment levels were ultimately determined to exceed guaranteed levels. Some years later, the PBGC determined the amount of guaranteed benefits and informed the appellants that it would recoup past "overpayments" by adjusting the levels of ongoing payments.

The appellants brought suit to challenge the PBGC's effort to recoup these excess payments, distributed after the plan's date of termination but before the proper level

of guaranteed benefits was calculated. The district court held that benefits paid at levels above those guaranteed by ERISA, 29 U.S.C. § 1322(b), constitute "overpayments," and that the PBGC possesses the authority to recoup such overpayments. *Bechtel v. Pension Benefit Guaranty Corporation*, 624 F.Supp. 590 (D.D.C.1984).

We affirm the district court's judgment substantially for the reasons set forth in its opinion. We wish to elaborate, however, upon the PBGC's authority to recoup payments made in excess of statutory limits. The appellant argues that because Congress expressly provided in ERISA for recoupment by a plan trustee in one specified instance (pertaining to certain preferential payments made prior to a plan's termination date, 29 U.S.C. § 1345)—not covering this case—it did not intend *generally* to authorize recoupment of all benefits paid above guaranteed levels. We think, however, that precisely the opposite presumption exists. The government's right to recoup funds owing to it is beyond dispute and will not be deemed to have been abandoned "unless Congress has 'clearly manifested its intention' to raise a statutory barrier." *United States v. Wurts*, 303 U.S. 414, 416, 58 S.Ct. 637, 638, 82 L.Ed. 932 (1938) (citation omitted). Congress' express provision in ERISA of mechanisms for recapture of certain preferential payments made *prior to* a plan's termination date—and prior to the inception of the PBGC's obligations—does not negate the existence of a more general right of recoupment; rather, in 29 U.S.C. § 1345, Congress merely authorized recoupment in an instance with respect to which, absent such specific authorization, the PBGC's authority to recoup might well have been doubted.

The payments at issue here stand on an altogether different footing. Under ERISA, the PBGC's obligation to pay benefits is itself "subject to the limitations" embodied in the statutory scheme. 29 U.S.C. § 1361. Because the calculation of guaranteed levels of benefits after plan termination may be attended by delay, it is likely that some payments may be made at levels above those guaranteed by ERISA. Apparently, this is exactly what happened in this case. We believe that Congress did not intend such delays, even those involving negligence by the PBGC, to create a windfall for some ERISA beneficiaries at the expense of others and the guaranty system as a whole. Thus, finding no persuasive evidence to the contrary, we conclude that Congress must have contemplated that the PBGC may recoup payments in excess of guaranteed levels.

The judgment of the district court is therefore

*Affirmed.*